**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DAVION ATKINSON,**<br><br>**Defendant.** | **Case No. 6:26-cr-10150-JMK-1** |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Review of the Magistrate Judge's Detention Order (Doc. 97). After reviewing the parties' briefs and hearing the arguments of the parties, the Court denies Defendant's Motion.

## I. BACKGROUND

At the review hearing, the Government made a proffer concerning the Defendant's charge, as well as his character and history. Relevant here, Defendant's charge arises out of the Government's allegation that he engaged in a controlled sell of fentanyl to a confidential informant. Defendant is alleged to have sold 48 grams of fentanyl. The charges are part of a larger conspiracy, and the Government alleges that the conspiracy resulted in a two-year-old child accessing and overdosing on fentanyl. Defendant is not alleged to have been physically present when the child's overdose occurred. All the same, the indictment charges Defendant with one count of engaging in a drug conspiracy that resulted in serious bodily injury under 21 U.S.C. § 846.

Defendant is originally from North Carolina, and most of his family resides in North Carolina. But Defendant has resided in Wichita, Kansas, for 11 years. Defendant is currently residing in a hotel in Wichita, and reported that he has mostly lived in hotels or motels since his

release from prison in 2023. In meeting with the United States Probation Office's Pretrial Services, Defendant reported that he did not have substance abuse problems. But according to Pretrial Services, Defendant reported "that he would be willing to receive outpatient treatment, not inpatient treatment, if it would help him get out of custody, although he does not think he needs it."

Court records indicated that, in proceedings in state and municipal courts, Defendant had warrants issued for failure to appear on at least 6 occasions since 2021. The most recent failure to appear warrant was issued in a drug paraphernalia charge in Wichita Municipal Court in February 2026. Court records also indicate a pattern of parole and other supervision violations by Defendant. Defendant also has two prior convictions for fleeing or eluding law enforcement.

A detention hearing was held in front of Magistrate Judge Brooks Severson on September 21, 2026. She ordered detention, finding that no condition or combination of conditions would reasonably assure the safety of the community or reasonably assure the defendant's appearance as required. In reaching this conclusion, Judge Severson pointed to the offense charged being a crime of violence, the lengthy period of incarceration Defendant faces if convicted, lack of a stable residence, lack of employment, prior attempts to evade law enforcement, prior criminal history, a history of violence, prior violations of probation parole, or supervised release, prior failures to appear in court, and participation in criminal activity while on probation. Judge Severson further concluded:

> The Defendant's criminal history is extensive and particularly concerning given that it reflects repeated failures to appear, probation violations, and violations of other court orders, demonstrating a persistent pattern of non-compliance with judicial supervision. Notably, the Defendant's record includes offenses against law enforcement, including, flee and elude. Additionally, Defendant's history reflects continued criminal activity during periods of court supervision, establishing that supervisory conditions have not previously served as an effective deterrent. Here, Defendant's history of supervision failures leads the Court to conclude that he

> would not comply with conditions or cooperate with the USPO. Accordingly, there are no conditions the Court could impose to assure the Defendant's appearance going forward and the safety of the community.

Doc. 72. Defendant now seeks review of that order.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(b), Defendant may seek review of a magistrate judge's order of detention. The District Court's review of a magistrate judge's detention order is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The District Court may either "start from scratch" or "incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there." *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001) (citations omitted). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f)(2)(B). The Court may allow the parties to present information by proffer, or it may insist on direct testimony. *See id.*

Under the Bail Reform Act of 1984, the Court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

There is a rebuttable presumption of risk of flight or danger to the community in this case. See 18 U.S.C. § 3142(e)(3). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D. Kan. 2000) (*citing United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)).

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if Defendant overcomes the presumption, the presumption remains a factor in the Court's detention decision. *Id.* The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id.* at 1252.

## III. ANALYSIS

The Defendant seeks pretrial release, arguing that his role in the conspiracy, as alleged, is relatively minor. He further points to his desire to obtain sobriety. Defendant claims that he has taken steps towards sobriety, including obtaining a substance abuse evaluation while in custody.

He provided a release plan that would involve a period of inpatient treatment in Pittsburg, followed by residence at a sober living house in the Wichita area. The Court finds these arguments unpersuasive.

Assuming, without deciding, that Defendant has rebutted the presumption of detention, the Court still finds that detention is necessary by looking at the factors set forth in § 3142(g).

**A. Nature and Circumstances of the Offense**

This factor requires the Court to look at the offense charged in this case. The Government alleges that Defendant conspired to distribute fentanyl in a manner that ultimately resulted in a child's overdose. This is a serious offense. *See* § 3142(g)(1) (when considering the nature and circumstances of the offense charged, the Court should consider whether the crime involves controlled substances). The Court acknowledges Defendant's arguments about his lack of involvement or direct relationship to the injured child. But if convicted, Defendant could be exposed to a prison term of at least 20 years and up to life. 21 U.S.C. § 841(b)(1)(C).

**B. Weight of the Evidence**

The Government has proffered evidence of Defendant engaging in a controlled sell of fentanyl that involved interactions with other individuals in the conspiracy, who are more directly tied to the serious bodily injury underlying the charge. No evidence of Defendant's direct involvement in the injury to the child was presented. That said, the crime of conspiracy is in the agreement itself. The evidence weighs slightly in favor of detention, but ultimately the Court finds the other factors conclusive.

**C. History and Characteristics of the Defendant**

Defendant has some family and community ties to Kansas. His girlfriend lives here, as do some of his children.[1] But he hails from North Carolina, and much of his family still lives there. Defendant cannot point to a stable residence or employment situation. He appears to have bounced around hotels since 2023, and for employment, claims he is a "streamer."

The most concerning aspect of this factor is Defendant's history of not following the rules. Court records reveal numerous parole and probation violations, to say nothing of the half-dozen failures to appear since 2021. He also has multiple flee and elude prior convictions, along with a smattering of other convictions for disorderly conduct, criminal use of weapons, interference with law enforcement officers, and assault. Based on this history, the Court has absolutely zero confidence that any condition or combination of conditions would reasonably assure Defendant's appearance or protect the safety of the community.

Defendant relies on this factor the most to assert that his efforts to obtain sobriety warrant pretrial release. Defendant claims that he wants to participate in inpatient treatment in Pittsburg, Kansas, followed by residence at a to-be-determined sober living house. The Court finds that argument unpersuasive. First, it requires a lot of moving parts to work in succession, and also, requires a fair amount of follow through and compliance by Defendant. Based on Defendant's history of failures to appear and other non-compliance, that seems unlikely. Secondly, the Court finds Defendant's statement to Pretrial Services that he was open to treatment "if it would help him get out of custody, although he does not think he needs it," to severely undermine the sincerity of this request.

All told, this factor overwhelmingly weighs in favor of detention.

---

[1] Based on comments made to Pretrial Services, it does not appear that Defendant has had contact with his children in at least a year.

**D. Danger to the Community**

"The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)). It includes "the risk that a defendant will continue to engage in drug trafficking . . . ." *Cook*, 880 F.2d at 1161 (citation omitted).

As noted above, Defendant's criminal history and history of non-compliance are concerning. This factor thus favors detention. In summation, all the § 3142(g) factors weigh at least somewhat in favor of pretrial detention. The Court concludes that there are no conditions that will assure Defendant's compliance and the safety of the community.

**IV. Conclusion**

The Court concludes that there is no set of conditions of release which will reasonably assure Defendant's appearance and protect the community from the danger of unlawful controlled substances.

THE COURT THEREFORE ORDERS that Defendant's Motion for Review of the Magistrate Court's Detention Order (Doc. 97) is DENIED.

IT IS SO ORDERED.

Dated: November 9, 2026

s/ Jeffrey M. Kuhlman
JEFFREY M. KUHLMAN
UNITED STATES DISTRICT JUDGE